E-FILED
Thursday, 13 May, 2021  11:50:16 AM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| **MARK EAKINS,** | ) |
| | ) |
| **Petitioner-Defendant,** | ) |
| | ) |
| **v.** | )**Criminal Case No. 15-30053** |
| | )**Civil Case No. 20-3130** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent-Plaintiff.** | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Mark Eakin's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 58) and Petitioner's counsel's Motion to Withdraw as Counsel (d/e 61).  For the reasons set forth below, Petitioner's § 2255 Motion is DENIED and the Motion to Withdraw as Counsel is GRANTED.

## I. BACKGROUND

On October 7, 2015, the grand jury returned a three-count indictment charging Petitioner with one count of possession with intent to distribute 50 grams or more of mixtures or substances containing a detectable amount of methamphetamine in violation of

21 U.S.C. § 840(a)(1) and (b)(1)(B), one count of knowingly carrying

a firearm during and in relation to a drug trafficking crime in

violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of being a felon

and unlawful user of a controlled substance in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1) and (g)(3).  See

Indictment, d/e 1.  The Indictment also contained forfeiture

allegations.  Id.

On December 14, 2016, Petitioner pled guilty to Counts 1, 2,

and 3 of the Indictment and consented to the forfeiture allegations

pursuant to a plea agreement.  On January 4, 2017, the Court

accepted Petitioner's plea of guilty as to Counts 1, 2, and 3 of the

Indictment and his waiver of interest and consent to the forfeiture

allegations and adjudged him guilty of Counts 1, 2 and 3.  See Text

Order dated 01/04/2017.

However, the plea agreement was amended by interlineation

pursuant to the agreement of the parties at the sentencing hearing

on June 5, 2017.  The plea agreement was amended to correct the

maximum statutory sentence for supervised release on Count 2,

possessing a firearm during a drug trafficking crime, from "up to life

on supervised release" to "not more than 5 years of supervised

release." See Amended Plea Agreement, d/e 28-1.  In the plea
agreement, Petitioner knowingly and voluntarily waived his right to
appeal his conviction and sentence and the right to collaterally
attack his conviction or sentence, including a motion brought
pursuant to 28 U.S.C. § 2255.   See id. at 12-13.  The waiver does
not apply to a claim that Petitioner's sentence exceeds the
maximum provided in the statute of conviction, a claim relating
directly to the negotiation of the waiver, a claim of involuntariness,
or a claim of ineffective assistance of counsel.

On June 5, 2017, Petitioner was sentenced to 120 months'
imprisonment on Counts 1 and 3 to run concurrently, 60 months'
imprisonment on Count 2, consecutive to Counts 1 and 3, for a
total of 180 months; 8 years of supervised release on Count 1, 5
years of supervised release on Count 2, and 3 years of supervised
release on Count 3, all to run concurrently; and a $300 special
assessment.  See Judgment, d/e 45.  A final order of forfeiture was
entered on August 25, 2017.  See Order, d/e 51.  Petitioner did not
appeal.

On May 19, 2020, Petitioner filed a pro se motion titled
"Notice/Motion" (d/e 56) seeking to toll any pending filing

deadlines, notice of 2255 motion, and motion for appointment of counsel.  Within that motion, Petitioner also referenced 18 U.S.C. § 3582.  The Court appointed counsel for Petitioner to determine what claims, if any, Petitioner was attempting to make.  The Court then filed Petitioner's "Notice/Motion" (d/e 56) as Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (d/e 58), which is now before the Court.  Petitioner's counsel filed a motion to withdraw the 18 U.S.C. § 3582 claim, which was granted on May 26, 2020.  See Text Order dated 05/26/2020.  The Government filed a response (d/e 63) arguing that Petitioner's 2255 motion is untimely and Petitioner is not entitled to relief.

## II. ANALYSIS

A prisoner claiming that his sentence violates the Constitution or laws of the United States may move for the Court "to vacate, set aside, or correct [his] sentence."  28 U.S.C. § 2255(a).  If the prisoner is successful in proving a violation, "court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  This is an extraordinary remedy because a § 2255 petitioner has already had "an

opportunity for full process." Almonacid v. United States, 476 F.3d

518, 521 (7th Cir. 2007).  Relief under § 2255 "is appropriate only

for an error of law that is jurisdictional, constitutional, or

constitutes a fundamental defect which inherently results in a

complete miscarriage of justice."  Harris v. United States, 366 F.3d

593, 594 (7th Cir. 2004).

An evidentiary hearing is not required "if the motion and the

files and records of the case conclusively show that the prisoner is

entitled to no relief[.]"  28 U.S.C. § 2255(b); see also Bruce v. United

States, 256 F.3d 592, 597 (7th Cir. 2001).  In this case, an

evidentiary hearing is not required.  After review of the pleadings,

files, and records, the Court concludes that the motion may be

resolved on the briefs.

Petitioner raised the following claims in his motion: (1) he is

entitled to relief under the First Step Act; (2) he received ineffective

assistance of counsel; (3) the ruling in United States v. Davis, 139

S.Ct. 2319 (2019) negates his sentence (See Davis, 139 S.Ct. 2319

(holding that the residual clause in the definition of crime of

violence in using, carrying, or possessing a firearm, found in 18

U.S.C. § 924(c)(3)(B), is unconstitutionally vague)); (4) his sentence

was longer than necessary and a miscarriage of justice; and (5) he

has no access to educational and vocational programming,

including the Residential Drug Abuse Treatment Program (RDAP)

due to his underlying conviction under 18 U.S.C. § 924(c).

## A. Statute of Limitations Bars Most of Petitioner's Claims.

A § 2255 motion is timely if it is filed within one year of "the

date on which the judgment of conviction becomes final."  28 U.S.C.

§ 2255(f).  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes
> final;
>
> (2)  the date on which the impediment to making a
> motion created by governmental action in violation of the
> Constitution or laws of the United States is removed, if
> the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

Id.

The judgment in Petitioner's criminal case was entered on

June 7, 2017.  The judgment became final upon the expiration of

the time for filing an appeal, or June 21, 2017.  See Clarke v.

United States, 703 F.3d 1098, 1100 (7th Cir. 2013); Fed. R. App. P.

4(b)(1)(A).  Petitioner had until June 21, 2018, to file a motion to

vacate pursuant to 28 U.S.C. § 2255 unless the claim met one of

the statutory exceptions.

Petitioner did not file his motion to vacate until May 12, 2020

– almost two years after the expiration of the deadline.  Petitioner

argues that he has not had access to the law library due to the

COVID-19 pandemic and because he has been housed in the

Special Housing Unit ("SHU") pending transfer to another facility.

As of July 2020, Petitioner had been in the SHU for the previous

two and a half months.  The Court can equitably toll a petitioner's

statute of limitations if a petitioner shows "(1) that he has been

pursuing his rights diligently; and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."

Lombardo v. United States, 860 F.3d 547, 551 (7th Cir. 2017)

(citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  "The

threshold necessary to trigger equitable tolling is very high, lest the

exceptions swallow the rule."  Id.  Both the pandemic and

Petitioner's placement in the SHU occurred long after the deadline

to file the § 2255 motion had past.  The Court finds that Petitioner was not pursuing his rights diligently and extraordinary circumstances did not stand in petitioner's way of timely filing.

Petitioner also argues that he is entitled to relief under the First Step Act.  He filed his First Step Act claim within his § 2255 motion on May 12, 2020 which is untimely.  However, Petitioner is entitled to file a First Step Act motion at any point.  Therefore, the Court will consider the arguments as if brought in a separate motion.

Petitioner's claim regarding the <u>Davis</u> case is timely.  That case was decided on June 24, 2019.  Petitioner had until June 24, 2020, to file that claim, which he did.

The other claims – ineffective assistance of counsel, the sentence is longer than necessary, and no access to education and vocational programming – are untimely.   The only two possible dates from which the one-year period began to run are the dates provided under § 2255(f)(1) and (f)(3) because Petitioner does not allege that any government action prevented him from making a motion (§ 2255(f)(2)) or that he recently discovered, through the exercise of due diligence, facts supporting the claim (§ 2255(f)(4)).

With respect to Petitioner's ineffective assistance claim, Section 2255(f)(3) is of no help to Petitioner because the statute of limitations has expired.  The Supreme Court recognized a criminal defendant's right to the effective assistance of counsel long before Petitioner filed his § 2255 motion.  See Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  Petitioner had until June 21, 2018. However, he waited until May 12, 2020 – almost two years after the expiration of the statute of limitations – to file his motion.

**B. Petitioner Is Not Entitled to Relief Under the First Step Act.**

On December 21, 2018, the First Step Act was signed into law. Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (Dec. 21, 2018). Under the Act, a court has "discretion to reduce the sentence of a defendant previously convicted of a 'covered offense.'"  Shaw, 957 F.3d at 736.  A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."  Id.; 132 Stat. 5194, § 404(a).  The Fair Sentencing Act lowered the minimum statutory penalties for crack-cocaine offenses.  Pub. L. No. 111–220 (Aug. 3, 2010).  Section 2 of the Fair Sentencing Act raised the respective

threshold amounts of cocaine base for the penalties found in 21

U.S.C. § 841(b)(1)(A) and (b)(1)(B) from 50 grams and 5 grams to

280 grams and 28 grams.  Pub. L. No. 111–220, § 2.

Petitioner pled guilty and was sentenced for possessing with

intent to distribute 50 or more grams of methamphetamine,

possessing a firearm during a drug trafficking crime, and being a

felon in possession of a firearm.  None of Petitioner's convictions are

a covered offense contemplated by the First Step Act or § 2 of the

Fair Sentencing Act.  Therefore, Petitioner is not eligible for a

sentence reduction pursuant to the First Step Act.

## C. Petitioner Waived His Right to Collaterally Attack and Is Not Entitled to Relief Under Davis.

As part of Petitioner's plea agreement, Petitioner waived his

right to collaterally attack his sentence.  Waivers of collateral attack

are generally enforceable.  Hurlow v. United States, 726 F.3d 958,

964 (7th Cir. 2013); see Oliver v. United States, 951 F.3d 841, 846

(7th Cir. 2020) ("Finality matters in plea agreements, especially

when the parties have negotiated for it expressly.").  The Seventh

Circuit has "recognized only a 'few narrow and rare' grounds for not

enforcing a voluntary and effectively-counseled waiver of direct

appeal or collateral review," including "if a district court relied on a

'constitutionally impermissible factor' like race or gender; if the

sentence exceeded the statutory maximum; or if the proceedings

lacked a 'minimum of civilized procedure.'"  Oliver, 951 F.3d at 844

(7th Cir. 2020).

Petitioner argues that he did not know he was waiving his

right to collaterally attack his convictions and sentence.  On

December 14, 2016, at Petitioner's change of plea hearing,

Magistrate Judge Tom Schanzle-Haskins conducted a thorough

Rule 11 colloquy with Petitioner before accepting Petitioner's plea

agreement.  The Magistrate Judge specifically asked Petitioner:

> In Paragraph 26, the plea agreement states that with the
> exception of a claim of ineffective assistance of counsel,
> that you're giving up any and all rights and ability to
> collaterally attack any issues relating to your conviction
> or sentence as long as the sentence, again, is within the
> maximum provided for as stated by Mr. Gilmore
> previously here today.

See Change of Plea Transcript, p. 25.  The Magistrate Judge

continued to explain in detail what the right to collaterally attack

means and what the waiver could entail in the future.  Id. at 25-27.

The Court finds that Petitioner's waiver of his right to collaterally

attack was made knowingly and voluntarily.  Accordingly, Petitioner

is foreclosed from collaterally attacking his conviction and sentence excluding his right to claim ineffective assistance of counsel.

If Petitioner is raising an ineffective assistance of counsel claim for his <u>Davis</u> argument, and ignoring that the claim is time barred as noted above, Petitioner is still not entitled to relief.  In <u>U.S. v. Davis</u>, the U.S. Supreme Court held that the residual clause in the definition of crime of violence in using, carrying, or possessing a firearm, found in 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague.  139 S.Ct. 2319, 2336 (2019).  In Petitioner's case, Petitioner's conviction under § 924(c) was for a drug felony, not a crime of violence.  Therefore, the <u>Davis</u> case is inapplicable to Petitioner's conviction and warrants no relief under § 2255.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability).  To receive a certificate of appealability on a ground decided on the merits, Petitioner "must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). The Court concludes that jurists of reason would not find Petitioner's claims or the Court's procedural ruling debatable. Therefore, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, Petitioner Mark Eakins' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Relief (d/e 58) is DENIED. The Clerk is DIRECTED to notify Petitioner of the denial. The Court declines to issue a certificate of appealability. The Clerk is DIRECTED to close the administrative

civil case, 20-cv-3130.  Petitioner's counsel's Motion to Withdraw as

Counsel (d/e 61) is GRANTED.

**ENTERED: May 13, 2021.**
**FOR THE COURT:**

_s/ Sue E. Myerscough_
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**